IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNEST STOKES,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:26-CV-1898-BW |
| GREAT AMERICAN<br>INSURANCE COMPANY,<br>Defendant. | §<br>§<br>§<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Defendant Great American Assurance Company, improperly named as Great American Insurance Company ("Great American"), filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on July 1, 2026, seeking dismissal of claims brought by Plaintiff Ernest Stokes, who is proceeding pro se in this action. (Dkt. No. 7 ("Mot.").) Stokes filed a response (Dkt. No. 17 ("Resp.")), and Great American filed a reply (Dkt. No. 19 ("Reply")).[1] The motion is ripe for resolution.

This action has been transferred to the undersigned magistrate judge to conduct all proceedings, including entry of judgment, under 28 U.S.C. § 636(c) in accordance with the parties' consent. (*See* Dkt. Nos. 12 at 6, 14.) For the reasons

[1] The parties each filed a motion for leave to file a brief out of time that the Court subsequently granted. (*See* Dkt. No. 20). As such, the parties' respective briefs are deemed timely filed. (*Id.*)

explained below, Great American's motion (Dkt. No. 7) is granted and Stokes is granted leave to file an amended complaint.

## I. BACKGROUND

This lawsuit relates to an insurance claim for loss of personal property stolen from a storage unit Stokes rented in Dallas County, Texas. Stokes's amended petition, which was filed in Texas state court on May 18, 2026, is the operative pleading. (*See* Dkt. No. 1-6 ("Am. Pet.").) According to its factual allegations, Great American wrongfully denied his claim without conducting a reasonable investigation, failed to act in good faith, and failed to promptly settle his claim in violation of its duties under Texas state and common law. (*See* Am. Pet. ¶¶ 17-18.)

Stokes alleges that he rented a storage unit from CubeSmart Self Storage to store personal property following storm damage to his residence. (*Id.* ¶ 6.) After his property was stolen from the unit, Stokes reported the theft and submitted a claim for loss of property. (*Id.* ¶¶ 7-10.) Great American "administered, adjusted, investigated, handled, denied, delayed, and . . . control[led]" his claim (*id.* ¶ 21), that was "connected to the SureSmart protection plan and/or related insurance coverage" (*id.* ¶ 10). Stokes contends that, despite his requests, Great American failed to conduct a reasonable investigation and produce meaningful documentation of its investigation. (*Id.* ¶ 13.)

Stokes alleges that the wrongful denial and delayed payment caused damages that include actual financial loss, additional monetary expenses, and emotional

distress. (*See id.* ¶ 42.) He asserts claims for breach of contract, breach of the common law duty of good faith and fair dealing, violations of the Texas Insurance Code, and negligence. (*See id.* at 5-11.)[2]

## II. LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "'A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted). In deciding a motion for judgment on the pleadings, the Court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).

To survive a motion for judgment ton the pleadings, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[2] As Stokes's amended petition lacks pagination, the Court cites the document using the page numbers assigned by the ECF system and displayed at the top of each page.

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal punctuation and citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

While courts liberally construe the pleadings of a pro se party, "even a liberally-construed pro se . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice[.]" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *Katrina Canal Breaches*, 495 F.3d at 205; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attach[ed] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim[s]." *Collins*, 224 F.3d at 498-99 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). Attachments falling under these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment. *See Benchmark Elecs.*, 343 F.3d at 725.

## III. ANALYSIS

Great American moves under Fed. R. Civ. P. 12(c) for judgment on the pleadings dismissing Stokes's claims in their entirety. (*See* Mot.) Great American contends that each cause of action Stokes alleges in his amended petition depends on a contractual or insurer-insured relationship. (*Id.* ¶ 10.) Great American argues that Stokes fails to plausibly allege any such relationship and, therefore, he fails to state a claim against Great American upon which relief can be granted. (*Id.*)

Stokes's response to Great American's motion lacks any argument or legal grounds in opposition to Great American's motion. (*See* Resp.) He instead restates the same allegations in his amended petition and recharacterizes the absence of privity as a "factual issue" to be addressed through discovery. (*See id.* at 4.) Accordingly, his response fails to address Great American's arguments in favor of

dismissal and does not present legal arguments and authorities as required by the Court's local rules. *See* N.D. Tex. L. Civ. R. 7.1(d) (requiring a response that "sets forth the responding party's contentions of fact and/or law, and arguments and authorities").

**A. Stokes fails to allege facts establishing a contract between the parties.**

"A plaintiff asserting a breach-of-contract claim must prove (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). The existence of a contract is shown by establishing that "(1) an offer was made; (2) the other party accepted it in strict compliance with the terms of the offer; (3) the parties had a meeting of the minds on the essential terms of the contract (mutual assent); (4) each party consented to those terms; and (5) the parties executed and delivered the contract with the intent that it be mutual and binding." *Id.*

Stokes asserts a claim for breach of contract against Great American. (Am. Pet. ¶¶ 20-24.) Great American argues that Stokes fails to plead the first element required to state a claim for breach of contract. (Mot. ¶ 10.) It contends that he fails to identify any contract or insurance policy between him and Great American. (*Id.*) Stokes instead alleges that Great American "administered, adjusted, investigated, handled, denied, delayed, and/or exercised control over [his] claim associated with

the protection plan and related insurance coverage." (Am. Pet. ¶ 21.) Although Stokes alleges that Great American "breached the agreement[,]" his amended petition fails entirely to identify any contract formed between him and Great American. (*Id.* ¶ 23.)

Stokes has not plausibly alleged facts that, if credited, would support a finding that Great American breached any contract. Among other things, Stokes does not plausibly allege that Great American entered into any insurance contract with him. The only agreement referenced in Stokes's amended petition is the "SureSmart protection plan and/or related insurance coverage[.]" (*Id.* ¶ 10.) But "[a]s a general rule, a suit for breach of contract may not be maintained against a person who is not a party to the contract[.]" *Bernard Johnson, Inc. v. Cont'l Constructors, Inc.*, 630 S.W.2d 365, 369 (Tex. App.—Austin 1982, writ ref'd n.r.e.) (citing *Jones v. George*, 61 Tex. 345 (1884); *Carruth v. Valley Ready-Mix Concrete Co.*, 221 S.W.2d 584 (Tex. App.—Eastland 1949, writ ref'd)). And here, accepting all of his factual allegations as true, Stokes's pleadings at best suggest the existence of a contract between him and CubeSmart Self Storage. (*See* Am. Pet. ¶¶ 10, 21.)

Because Stokes fails to allege the existence of a contract formed between him and Great American, he cannot allege that Great American breached a nonexistent contract. Accordingly, Stokes's allegations are insufficient to state a claim for breach of contract.

**B. Stokes fails to allege facts establishing that Great American owed him a duty of good faith and fair dealing.**

Great American moves to dismiss Stokes's claim for breach of the duty of good faith and fair dealing. (Mot. ¶ 14.) Stokes contends that Great American owed a "dut[y] of good faith and fair dealing in the handing, adjustment, investigation, and evaluation of [his] claim." (Am. Pet. ¶ 26.) Stokes alleges that it breached that duty by failing to conduct a reasonable investigation and wrongfully denying his claim. (*See id.* ¶ 27.) Great American contends that this claim fails as a matter of law because, as an entity that adjusts or administers a claim, it owes Stokes no duty of good faith and fair dealing. (Mot. ¶ 13.)

"Under Texas law, an insurer owes a duty of good faith in handling its insured's own claim of loss." *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 709 F.3d 515, 520 (5th Cir. 2013) (quoting *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co.*, 341 F.3d 415, 425 (5th Cir. 2003)). This duty arises from a "special relationship" that "exists only because the insured and the insurer are parties to a contract[.]" *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994).

Stokes's factual allegations fail to establish any special relationship between him and Great American. As explained above, he has not alleged that he is a party to any contract with Great American, and his pleadings lack factual detail to allow the Court to infer that Stokes was insured under a policy that Great American issued. (*See* Am. Pet. ¶¶ 10, 21.) Stokes only alleges that Great American "administered, adjusted, investigated, handled, and/or controlled" his claim. (*Id.* ¶ 10.) And,

absent the insurer-insured relationship that is created by contract, there is no special relationship and thus no duty of good faith and fair dealing owed to him. *See Natividad*, 875 S.W.2d at 698.

As explained above, however, Stokes's factual allegations appear to suggest the existence of a contract between Stokes and CubeSmart Self Storage. (*See* Am. Pet. ¶ 10.) Great American describes this contract—the SureSmart Protection Plan—as "a contract with CubeSmart Self Storage, not with Great American," and contends that it "acted only as a third-party administrator." (Mot. at 4 n.2; Reply ¶ 5.) The amended petition appears to suggest Stokes's contractual privity is with CubeSmart Self Storage—not Great American. (*See* Am. Pet. ¶ 10.) Accordingly, Stokes has not established that Great American owed him a duty of good faith and fair dealing. *Natividad*, 875 S.W.2d at 698.

Therefore, Stokes's allegations in his amended petition are insufficient to maintain a claim against Great American for breach of the duty of good faith and fair dealing. To the extent additional facts might establish any special relationship between him and Great American, Stokes may provide that factual detail in his amended pleading.

**C. Stokes fails to allege sufficient facts to state a claim under Chapter 541 of the Texas Insurance Code.**

Chapter 541 of the Texas Insurance Code prohibits a "person" from engaging in unfair or deceptive acts or practices in the business of insurance, Tex. Ins. Code § 541.003, and defines "person" to include legal entities engaged in the business of

insurance, *id.* § 541.002. The Code expressly authorizes "[a] person who sustains actual damages" to bring a private action "against another person for those damages caused by the other person engaging in . . . an unfair or deceptive act or practice in the business of insurance[.]" *Id.* § 541.151. "But the Code does not create insurance coverage or a right to payment of benefits that does not otherwise exist under the policy." *USAA Texas Lloyds*, 545 S.W.3d at 489.

Stokes alleges that Great American violated Chapter 541 of the Texas Insurance Code by misrepresenting facts or policy provisions related to coverage, in violation of § 541.060(a)(1); by failing to effect a settlement in good faith, in violation of § 541.060(a)(2); by failing to provide a reasonable explanation for denial, in violation of § 541.060(a)(3); and by refusing to pay a claim without reasonable investigation, in violation of § 541.060(a)(7). (*See* Am. Pet. ¶ 31.) Great American contends that Stokes fails to plead factual allegations that demonstrate any violation of the sections listed in his amended petition. (Mot. ¶ 15.) It also argues that Stokes fails to allege that it deprived him of any right or caused him any independent injury. (*Id.* ¶ 16.)

Stokes's allegations are insufficient to state a claim that Great American violated Chapter 541. He alleges that Great American wrongfully denied his claim under the "SureSmart protection plan and/or related insurance coverage" that Great American administered and adjusted. (*See* Am. Pet. ¶¶ 10, 17-18.) But his amended petition merely recites statutory language and offers "legal conclusions masquerading

as factual conclusions" that are insufficient to state a claim on which relief may be granted. *See Taylor*, 296 F.3d at 378; *see also Iqbal*, 556 U.S. at 678 (explaining that the complaint must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice").

Because he fails to allege facts leading to a conclusion that Great American's conduct deprived him of any right or caused him an independent injury, Stokes has failed to state a claim under Chapter 541. In an amended pleading, however, Stokes may provide additional factual allegations to address these deficiencies with respect to his Chapter 541 claim.

**D. Stokes fails to state claim under the Texas Prompt Payment of Claims Act.**

Stokes alleges that Great American failed to timely investigate and pay his claim in violation of the Texas Prompt Payment of Claims Act ("TPPCA"), codified under Subchapter B of Chapter 542 of the Texas Insurance Code. Liability for a violation of the TPPCA applies to "an insurer that is liable for a claim under an insurance policy[.]" Tex. Ins. Code § 542.060(a).

"To recover a statutory penalty under [the TPPCA], an insured must establish: (1) a claim under an insurance policy; (2) that the insurer is liable for the claim; and (3) that the insurer has failed to comply with one of the requirements of [the statute] with respect to the claim." *Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516, 540 (N.D. Tex. 2022) (quoting *Evergreen Nat'l Indem. Co. v. Tan It All, Inc.*, 111 S.W.3d

669, 678 (Tex. App.—Austin 2003)). Accordingly, Stokes must show that he is the policyholder or beneficiary under an insurance policy that Great American issued. *See* Tex. Ins. Code § 542.060 (addressing liability for violation of subchapter)[3]; *see also id.* § 542.052 (addressing applicability of subchapter).

Great American argues that Stokes's TPPCA claim fails because he has not identified a policy that Great American issued or alleged any statutory deadline that it missed with respect to that policy. (Mot. ¶ 20.) As with his Chapter 541 claim, Stokes's amended petition merely lists statutory provisions and provides no factual allegations in connection with his TPPCA claim. (*See* Am. Pet. ¶ 35.) Because Stokes fails to allege that Great American issued any insurance policy, he cannot demonstrate that Great American is liable to him under any such policy. Accordingly, Stokes has failed to state a claim under the TPPCA.

**E. Stokes fails to state a claim for negligence and gross negligence.**

Stokes also asserts claims for negligence and gross negligence. (Am. Pet. ¶¶ 38-41.) He alleges that Great American "failed to exercise ordinary care" with respect to its "handling, investigation, and evaluation of [his] claim." (*Id.* ¶ 38.) "Under Texas law, the elements of a negligence claim are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused

---

[3] Section 542.060 provides that "if an insurer that is liable for a claim under an insurance policy is not in compliance with [the TPPCA], the insurer is liable to pay [damages to] the holder of the policy or the beneficiary making the claim under the policy[.]" Tex. Ins. Code § 542.060(a).

by the breach." *Turner v. Am. Fam. Ins.*, No. 3:22-CV-2284-E-BN, 2023 WL 8191912, at *3 (N.D. Tex. Nov. 8, 2023) (citing *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009)), *adopted*, No. 3:22-CV-2284-E, 2023 WL 8190704 (N.D. Tex. Nov. 27, 2023).

Great American argues that Stokes's negligence claim fails because it owed no tort duty to Stokes. (Mot. ¶ 21.) "The threshold issue in any negligence case is whether the defendant owed a duty to the plaintiff." *Phoneternet, LLC v. LexisNexis Risk Sols., Inc.*, No. 3:18-CV-1719-L, 2019 WL 4748271, at *5 (N.D. Tex. Sept. 30, 2019), *aff'd sub nom. Phoneternet, L.L.C. v. LexisNexis Risk Sols., Inc.*, 816 F. App'x 909 (5th Cir. 2020). "Whether a duty exists is 'a question of law for the court to decide from the facts surrounding the occurrence in question.'" *Id.* (quoting *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 503 (Tex. 2017)).

Stokes's allegations fail to establish that Great American owed him any legal duty in handling his claim. *See Bui v. St. Paul Mercury Ins. Co.*, 981 F.2d 209, 210 (5th Cir. 1994) (holding that insurance adjuster "owed no duty to [the insured] under Texas law"); *Zimmerman v. Travelers Lloyds of Texas Ins. Co.*, No. 5:15-CV-325, 2015 WL 3971415, at *5 (W.D. Tex. June 30, 2015) (collecting cases). As explained in the context of other claims, Stokes's amended petition does not provide facts from which the Court can infer that he was included as an insured person under a policy issued by Great American. Because Stokes has not established that Great American owed any duty to him, he has failed to state a claim for negligence.

As to his gross negligence claim, Stokes contends that Great American's conduct "involved an extreme degree of risk" (Am. Pet. ¶ 39) and that it "had actual, subjective awareness of the risk involved yet proceeded with conscious indifference" (*id.* ¶ 40). But "[i]n Texas, a defendant 'cannot be grossly negligent without being negligent.'" *Strong v. Paradise*, No. 3:23-CV-2847-K, 2025 WL 3532150, at *10 (N.D. Tex. Nov. 18, 2025) (quoting *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex. App.—Austin 1990, writ denied)), *adopted*, 2025 WL 3530955 (N.D. Tex. Dec. 9, 2025). Because Stokes fails to plausibly allege that Great American owed a duty to him in connection with his claim for negligence, he also fails to state a claim for gross negligence. *See id.*

## IV. LEAVE TO AMEND

Stokes has requested leave to amend his pleadings if the Court deems his allegations insufficient. (*See* Resp. at 6.) "District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiff advises the court that [he] is unwilling or unable to amend in a manner that will avoid dismissal." *Johnson v. Digital Fed. Credit Union*, No. 3:25-CV-1836-D, 2025 WL 3764128, at *3 (N.D. Tex. Dec. 30, 2025) (quoting *In re Am. Airlines, Inc., Priv. Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) (cleaned up)). Here, several of Stokes's claims fail for lack of detailed factual allegations. Great American opposes Stokes's request for leave to amend his pleadings because he has already amended his petition once in state court.

(*See* Reply ¶ 8.) Nonetheless, Stokes has not had an opportunity to amend his pleadings now that this action has been removed. Stokes should be allowed an opportunity to plead his best case to ascertain whether he is able to cure the defects identified. *See Johnson*, 2025 WL 3764128, at *3 ("[A]s a *pro se* plaintiff, Johnson should be given a fair opportunity to plead her best case.").

## V. CONCLUSION

For the foregoing reasons, Great American's motion for judgment on the pleadings (Dkt. No. 7) is **GRANTED**, and Stokes is granted leave to file an amended complaint addressing the deficiencies identified herein within 21 days of the date of this order. If Stokes does not file an amended complaint within the time allowed, the Court will enter judgment dismissing all claims with prejudice.

**SO ORDERED** on November 9, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE